| | | |
|---|---|---|
| Estado Libre Asociado de Puerto Rico<br>TRIBUNAL DE APELACIONES<br>PANEL I | | |
| EVC TRADING LLC<br><br>Parte Peticionaria<br><br>v.<br><br>JV REALTY LLC<br><br>Parte Recurrida<br><br><br>ELIU VALENTIN Y OTROS<br>Tercero Demandado | TA2026CE00629 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Guayama<br><br>Caso núm.:<br>GM2023CV00221<br><br>Sobre:<br>Daños y Perjuicios |

Panel integrado por su presidente, el Juez Sánchez Ramos, el Juez Pérez Ocasio y la Jueza Trigo Ferraiuoli.

Trigo Ferraiuoli, jueza ponente.

### SENTENCIA

En San Juan, Puerto Rico, a 27 de mayo de 2026.

Comparece ante nos la parte peticionaria, EVC Trading LLC (EVC o parte peticionaria), mediante recurso de *certiorari* y solicita que revoquemos la *Resolución* emitida y notificada el 7 de abril de 2026, por el Tribunal de Primera Instancia, Sala de Guayama (TPI). Mediante el referido dictamen, el TPI denegó la presentación de prueba pericial anunciada por EVC.

Junto con su recurso, EVC presentó una *Moción de Auxilio de Jurisdicción,* en la que solicitó la paralización del juicio en su fondo. El 18 de mayo de 2026, emitimos *Resolución* en la que decretamos la paralización de los procedimientos ante el foro primario y concedimos un breve término a la parte recurrida para presentar su posición. En cumplimiento, el 21 de mayo de 2025, la parte recurrida, JV Realty LLC (JV o parte recurrida) presentó *Oposición a Recurso de Certiorari.*

Examinado el recurso y los documentos adjuntados al mismo, así como la oposición de la parte recurrida, y a luz del derecho

aplicable, expedimos el auto solicitado y revocamos la determinación recurrida.

## I.     Trasfondo fáctico y procesal

El 23 de marzo de 2023, EVC presentó una demanda en contra de JV Realty LLC (JV o parte recurrida). En lo aquí pertinente, alegó que suscribió un contrato con JV sobre compraventa de bienes muebles y opción de compraventa de una finca de terreno ubicada en la carretera número 3, kilómetro 143 en Guayama, Puerto Rico. Como parte de los acuerdos, JV le compró a EVC una serie de bienes muebles, tanques y tendría acceso al inmueble para removerlos. El referido contrato también comprendía un acuerdo de opción de compra de la finca y EVC autorizó a JV a entrar al inmueble para remover los equipos comprados y almacenar bienes de su propiedad durante el término acordado para ejercer la opción.

En ese sentido, EVC planteó que JV no ejerció la opción en el término pactado y que le concedió un término para que removiera del inmueble cualquier equipo o propiedad. También le solicitó el cese y desista de desarmar los almacenes de la finca para llevarse acero y equipo perteneciente a la peticionaria. Señaló que JV se negó a lo solicitado y que continuaba en posesión del inmueble de forma ilegal. Entre los remedios solicitados, EVC solicitó la reivindicación de las estructuras del inmueble que fueron removidas por JV, o el pago de los daños económicos, estimados en una cantidad no menor de $1,000,000.00 para reincorporar las estructuras de acero a su estado original, entre otras providencias.

Por su parte, el 22 de mayo de 2023, JV compareció mediante *Contestación a la Demanda Enmendada, Reconvención y Demanda Contra Tercero*[1].

---

[1] Entrada Núm. 23 SUMAC TPI.

Así, y luego de numerosas incidencias procesales, el 29 de octubre de 2024, EVC presentó una *Solicitud de Remedios Provisionales al Amparo de la Regla 56.1 de Procedimiento Civil*[2] y el TPI señaló vista[3]. El día antes de la vista, EVC presentó una *Moción Enmendada en Cumplimiento de Orden Anunciando y Sometiendo Prueba Adicional al Expediente Judicial para Vista Señalada de Remedios Provisionales*[4]. En esta, además de anunciar prueba documental adicional, EVC anunció el testimonio del Ingeniero Carlos R. Oquendo Rodríguez como su perito ingeniero (Ingeniero Oquendo o Perito Ingeniero), quien testificaría sobre el valor en el mercado del material de los edificios desmantelados por JV. El 4 de diciembre de 2024, JV se opuso a la solicitud de prueba adicional de la peticionaria[5]. El Ingeniero Oquendo fue juramentado y puesto bajo las reglas en la vista[6]. Concluido el interrogatorio del primer testigo, el TPI señaló la continuación de la vista para el 20 de diciembre de 2024.

De la minuta de la continuación de vista[7] surge que no se presentó el informe pericial del Ingeniero Oquendo y que, luego de escuchar los argumentos de las partes, el foro primario señaló la continuación de la vista de remedios provisionales y determinó permitir el testimonio del Ingeniero Oquendo, sin que se presentara el informe pericial[8].

Mientras tanto, el 15 de enero de 2025, se celebró una vista sobre el estado de los procedimientos en la que el foro recurrido señaló la vista de conferencia con antelación a juicio para el 22 de

---

[2] Entrada Núm. 73 SUMAC TPI.
[3] Entrada Núm. 74 SUMAC TPI.
[4] Entrada Núm. 81 SUMAC TPI.
[5] Entrada Núm. 82 SUMAC TPI.
[6] Entrada Núm. 85 SUMAC TPI.
[7] Entrada Núm. 90 SUMAC TPI.
[8] *Íd.*

abril de 2025 y ordenó a las partes presentar el informe un día antes de la vista[9].

Así las cosas, durante dicho periodo se suscitó un trámite accidentado y prologando en cuanto a la prueba pericial anunciada por EVC, en el que, a solicitud de la peticionaria, se suspendieron varios señalamientos ante la no disponibilidad del Perito Ingeniero.

Llegado el día de la vista de remedios provisionales del 12 de mayo de 2025, y luego de escuchar a las partes, el TPI determinó que la solicitud de remedio provisional sería considerada como parte de la sentencia. El representante legal de EVC, Lcdo. Jorge L. Cancio Valdivia (licenciado Cancio Valdivia), expresó que siempre que se pudiera presentar el testimonio pericial durante el juicio no tenía reparo a ello. Por su parte el Lcdo. Ramón L. Rosario Cortés (licenciado Rosario Cortés), representante legal de JV, planteó que debido a que el perito fue anunciado para efectos de la vista de remedios provisionales, si EVC contaba con un informe pericial actualizado que se lo adelantara para considerarlo. El licenciado Cancio Valdivia informó que así lo haría, aunque sugirió que se anunciaría en el informe de conferencia con antelación a juicio cuáles serían los testigos y prueba finales, lo cual JV tendría antes del juicio. El TPI informó que dicho asunto se discutiría en la vista de conferencia con antelación a juicio[10].

Sin embargo, el 9 de junio de 2025, el representante legal de EVC, el licenciado Cancio Valdivia, presentó *Solicitud de Renuncia a Representación Legal*[11]. Luego, se suscitaron incidentes adicionales durante la tramitación del pleito, entre estos, la cancelación de las deposiciones restantes y suspensiones de las vistas señaladas.

---

[9] Entrada Núm. 92 SUMAC TPI.
[10] Entrada Núm. 100 SUMAC TPI.
[11] Entrada Núm. 101 SUMAC TPI.

Luego de varias prórrogas, el 17 de noviembre de 2025, el nuevo representante legal de EVC, Lcdo. Juan R. Dávila Díaz presentó escrito asumiendo representación legal[12]. En esta, el letrado señaló que restaba la deposición del Sr. Jorge González y "ciertos asuntos relacionados al peritaje"[13]. Así, el 15 de diciembre de 2025, EVC solicitó orden al tribunal para descubrir lo solicitado[14], esto es, la deposición al Sr. Jorge González. Añadió que para actualizar el informe pericial era necesaria la deposición al señor González, por lo que solicitó que le ordenara a JV someter a este a la deposición.[15] JV se opuso y el TPI resolvió no ha lugar a la solicitud de EVC y señaló la vista de conferencia con antelación a juicio[16].

El 31 de diciembre de 2025, EVC presentó solicitud de vista evidenciaria en la que explicó que, sin la deposición del señor González no estaría preparado para la celebración de la conferencia con antelación a juicio. También señaló que su actual representación legal se puso en contacto con el licenciado Cancio Valdivia (anterior representante legal de EVC) en relación con los asuntos pendientes del descubrimiento de prueba[17]. Así las cosas, el 21 de enero de 2026 se celebró una vista sobre el estado de los procedimientos[18]. Luego de celebrada la vista, el TPI emitió una *Resolución* en la que permitió la toma de deposición del señor González a celebrarse el 13 de febrero de 2026[19].

El 6 de abril de 2026, las partes presentaron el *Informe de Conferencia con Antelación al Juicio[20]*. En este, JV impugnó toda la prueba pericial no producida, debido a que el informe pericial nunca

---

[12] Véase, *Moción Asumiendo Representación Legal y Solicitud de Reconsideración,* Entrada Núm. 120 SUMAC TPI.
[13] *Íd.*
[14] Entrada Núm. 125 SUMAC TPI.
[15] *Íd.*
[16] Entrada Núm. 128 SUMAC TPI.
[17] Entrada Núm. 133 SUMAC TPI.
[18] Entrada Núm. 136 SUMAC TPI.
[19] Entrada Núm. 135 SUMAC TPI.
[20] Entrada Núm. 137.

se produjo ni fue objeto del periodo para descubrir prueba. Entonces, el TPI emitió la *Resolución* recurrida, mediante la cual denegó la presentación de prueba pericial de EVC por incumplir con el descubrimiento de prueba.

Inconforme, EVC solicitó reconsideración el 13 de abril de 2026[21] a la que JV se opuso[22]. El 23 de abril de 2026 el TPI emitió Resolución en la que declaro No Ha Lugar la solicitud de reconsideración[23].

Insatisfecho, EVC acudió ante nos y formuló el siguiente señalamiento de error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL NO PERMITIR LA UTILIZACIÓN DE PRUEBA PERICIAL A LA PARTE DEMANDANTE POR FALTA DE INFORME PERICIAL.

## II. Derecho Aplicable

### A. *Certiorari*

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de superior jerarquía puede revisar, a su discreción, una decisión interlocutoria de un tribunal inferior.[24]

Ante un recurso de *certiorari* civil, tenemos que evaluar nuestra autoridad para expedir el mismo al amparo de la Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V.[25] Ésta dispone que, el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia solamente se expedirá por el Tribunal de Apelaciones cuando se recurra de una orden o resolución bajo remedios provisionales de la Regla 56, *injunctions* de la Regla 57, o de la denegatoria de una moción de carácter dispositivo.

---

[21] Entrada Núm. 140 SUMAC TPI.
[22] Entrada Núm. 144 SUMAC TPI.
[23] Entrada Núm. 146 SUMAC TPI.
[24] *Caribbean Orthopedics v. Medshape et al.,* 207 DPR 994, 1004 (2021); *800 Ponce De León v. AIG,* 205 DPR 163, 174 (2020).
[25] *Caribbean Orthopedics v. Medshape et al.,* supra.; *Scotiabank v. ZAF Corp.,* 202 DPR 478, 486 (2019).

No obstante, y por excepción a lo dispuesto anteriormente, el foro apelativo podrá expedir el recurso cuando se recurre de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, casos de relaciones de familia, casos revestidos de interés público o cualquier otra situación, en la que esperar por una apelación constituiría un fracaso irremediable de la justicia. Según dispuesto en la Regla 52.1, *supra*, al denegar la expedición de un recurso de *certiorari*, el Tribunal de Apelaciones no tiene que fundamentar su decisión. *Íd.*

Superado dicho análisis, y aun cuando un asunto esté comprendido dentro de las materias que podemos revisar de conformidad con la Regla 52.1, *supra*, para poder ejercer debidamente nuestra facultad revisora es menester evaluar si, a la luz de los criterios enumerados en la Regla 40 de nuestro Reglamento, 4 LPRA Ap. XXII-B, R. 40, se justifica nuestra intervención. Estos criterios son:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En fin, la Regla 52.1 de Procedimiento Civil, *supra*, enumera en forma taxativa aquellas instancias en las cuales el Tribunal de Apelaciones no acogerá una petición de *certiorari*, mientras que la Regla 40 del Reglamento del Tribunal de Apelaciones guía la discreción de este foro en aquellos asuntos en los que sí se permite entender, pero en los que los jueces ejercerán su discreción.[26]

Lo anterior impone a este Tribunal la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del foro de instancia, de forma que no se interrumpa injustificadamente el curso corriente de los casos ante ese foro.[27] Por tanto, de no estar presente ninguno de los criterios esbozados, procede abstenernos de expedir el auto solicitado para que continúen sin mayor dilación los procedimientos del caso ante el foro primario.

**B. Discreción judicial**

El Tribunal Supremo ha establecido que los foros revisores no interfieren con las facultades discrecionales de los foros primarios, exceptuando aquellas circunstancias en las que se demuestre que éstos: (1) actuaron con prejuicio o parcialidad; (2) incurrieron en un craso abuso de discreción, o (3) se equivocaron en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[28] Además, se requiere que la intervención en esta etapa evite un perjuicio sustancial.[29]

La discreción judicial se define como "'una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión Justiciera'".[30] El ejercicio de este discernimiento se encuentra estrechamente relacionado con el concepto de

---

[26] *Torres González v. Zaragosa Meléndez,* 211 DPR 821, 849 (2023).

[27] *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 97 (2008).

[28] *Rivera et al. v. Arcos Dorados et al.,* supra, pág. 210; *Cruz Flores et al. v. Hosp. Ryder et al.,* 210 DPR 465, 497 (2022); *Rivera y otros v. Bco. Popular,* supra, pág. 155.

[29] *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

[30] *Rivera et al. v. Arcos Dorados et al.,* supra, citando a *Bco. Popular de P.R. v. Mun. de Aguadilla,* 144 DPR 651, 657–658 (1997).

razonabilidad.[31] Así pues, la discreción no implica que los tribunales puedan actuar de una forma u otra en abstracción del resto del derecho.[32]

El Tribunal Supremo ha expresado que un tribunal abusa de su discreción

> [...] cuando el juez no toma en cuenta e ignora en la decisión que emite, sin fundamento para ello, un hecho material importante que no podía ser pasado por alto; cuando el juez, por el contrario, sin justificación ni fundamento alguno, concede gran peso y valor a un hecho irrelevante e inmaterial y basa su decisión exclusivamente en éste, o cuando, no obstante considerar y tomar en cuenta todos los hechos materiales e importantes y descartar los irrelevantes, el juez los sopesa y calibra livianamente.[33]

### C. El descubrimiento de prueba

Mediante el descubrimiento de prueba se pretende ayudar a precisar y minimizar las controversias litigiosas; obtener evidencia que se utilizaría en el juicio; facilitar la búsqueda de la verdad y perpetuar la prueba relacionada con las reclamaciones de un caso.[34]

En cuanto al alcance del descubrimiento de prueba, este debe ser amplio y liberal.[35] El TPI tiene "amplia discreción para regular el ámbito del descubrimiento, pues es su obligación garantizar una solución justa, rápida y económica del caso, sin ventajas para ninguna de las partes".[36]

Ahora bien, cualquier limitación al descubrimiento de prueba deberá hacerse de forma razonable. Es decir, "[m]ás que una

---

[31] *VS PR, LLC v. Drift-Wind*, 207 DPR 253, 272 (2021); *Rivera y otros v. Bco. Popular*, supra.

[32] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013); *Bco. Popular de P.R. v. Mun. de Aguadilla*, supra, pág. 658.

[33] *SLG ZapataRivera v. J.F. Montalvo*, supra, citando a *Pueblo v. Rivera Santiago*, 176 DPR 559, 580 (2009)).

[34] Véase, Regla 23.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1; *Berrios Falcón v. Torres Merced*, 175 DPR 962, 971 (2009); *García Rivera et al. v. Enríquez*, 153 DPR 323, 333 (2001); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 152 (2000); véanse, además, *Medina v. M.S. & D. Química P.R., Inc.*, 135 DPR 716, 728 (1994); *Lluch v. España Service Sta.*, 117 DPR 729, 743 (1986).

[35] *Consejo de Titulares v. Triple-S*, 2025 TSPR 82 a la pág. 14, citando a *Cruz Flores et al. v. Hosp. Ryder et al.*, 210 DPR 465, 496 (2022); *McNeil Healthcare v. Mun. Las Piedras II*, 206 DPR 659, 672 (2021); *Rivera y otros v. Bco. Popular*, 152 DPR a la pág. 152.

[36] *Rivera Gómez v. Arcos Dorados*, 212 DPR 194, 203 (2023), citando a *Cruz Flores et al.*, 210 DPR a las págs. 496-497.

facultad, existe un deber que se le impone al Tribunal de Primera Instancia de actuar afirmativa y dinámicamente en la tramitación de los casos ante su consideración".[37] Los tribunales apelativos no intervendrán con el ejercicio de discreción del TPI en materia de descubrimiento de prueba a menos que se demuestre que dicho foro: (1) actuó movido por prejuicio o parcialidad; (2) incurrió en un craso abuso de discreción; o (3) se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo.[38]

Por otro lado, es menester puntualizar que en nuestra jurisdicción rige una norma de liberalidad en cuanto a la admisibilidad del testimonio pericial.[39] El propósito principal de la participación de un testigo perito en un proceso judicial es asistir e ilustrar al juzgador de hechos sobre aquella materia acerca de la cual ha de prestar su opinión.[40] Un perito resulta necesario para la correcta adjudicación de un asunto cuando éste involucra cuestiones altamente técnicas.

### III. Aplicación del Derecho a los Hechos

En su recurso, EVC plantea que el foro primario incidió al no permitir la presentación de prueba pericial por no haberse presentado un informe pericial. Por su parte, JV alega que el TPI no denegó la presentación del perito por falta de informe, sino por los incumplimientos de EVC con el descubrimiento de prueba, por lo que el foro primario no erró en su determinación. Veamos.

Desde el 3 de diciembre de 2024, la parte peticionaria anunció al Ingeniero Oquendo como su perito ingeniero y que este testificaría sobre el valor en el mercado del material de los edificios alegadamente desmantelados por la parte recurrida. En vista de lo

---

[37] *Rivera Gómez*, 212 DPR a la pág. 221, citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, 2.a ed., Publicaciones JTS, 2011, T. III, págs. 837–838; *Vives Vázquez v. ELA*, 142 DPR 117, 139 (1996).
[38] *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012).
[39] *Dye-Tex P.R., Inc. v. Royal Ins. Co., P.R.*, 150 DPR 658, 663, 665 (2000).
[40] *S.L.G. Font Bardón v. Mini-Warehouse*, 179 DPR 322, 338 (2010).

anterior, JV tenía conocimiento de la prueba pericial anunciada y la materia sobre la cual el perito ingeniero habría de declarar. De hecho, el Ingeniero Oquendo fue juramentado y puesto bajo las reglas en la vista del 4 de diciembre de 2024[41].

Además, del expediente ante nuestra consideración surge que el foro recurrido autorizó el testimonio del perito ingeniero, sin necesidad de que este presentara informe.[42] Así, y luego de numerosas incidencias procesales, el TPI determinó que los remedios provisionales se atenderían en la sentencia a dictarse una vez celebrado el juicio en su fondo, a lo que EVC expresó no tener reparo siempre y cuando permitieran el testimonio pericial en el juicio en su fondo. Por ende, EVC demostró y reiteró su interés en presentar su prueba pericial.[43]

Ahora bien, aun cuando la recurrida le solicitó a EVC que le proveyera, *de tener disponible*, un informe actualizado de lo que el perito pretendía presentar y el entonces representante legal de EVC expresó que lo haría, la peticionaria también sugirió que se anunciara dicha información en el informe de conferencia con antelación a juicio, lo cual JV tendría con suficiente antelación antes del juicio. De JV entender que era necesario indagar más allá de la información provista por EVC sobre su perito ingeniero, esta pudo hacerlo a través de una deposición o cualquier otro medio[44]. Lo

---

[41] Entrada Núm. 85 SUMAC-TPI.

[42] Entrada Núm. 90 SUMAC-TPI.

[43] Entrada Núm. 100 SUMAC-TPI.

[44] A tenor, la Regla 23.1(c) de Procedimiento Civil, 32 LPRA Ap. V, R. 23.1(c), dispone lo siguiente:

> (c) Persona perita. — El descubrimiento de prueba pericial podrá llevarse a cabo como sigue:
> (1) Una parte podrá, <u>a través de interrogatorios</u>, requerir a cualquier otra parte que suministre el nombre y la dirección de las personas peritas que haya consultado y de las que intente presentar en el juicio. Respecto a estos últimos, podrá requerirse a la parte que exprese la materia sobre la cual la persona perita se propone declarar, así como un resumen de sus opiniones y una breve expresión de las teorías, los hechos o los argumentos que sostienen las opiniones. A solicitud de parte, el tribunal podrá ordenar el descubrimiento de prueba pericial <u>por cualquier otro medio</u>, sujeto a aquellas condiciones o limitaciones que estime razonables. (Subrayado nuestro).

anterior, cobra mayor relevancia, cuando EVC solicitó en varias ocasiones al tribunal que se ordenara la deposición al señor González, la cual era necesaria para preparar el informe y que la misma no pudo llevarse a cabo ante las cancelaciones, en su mayoría, por parte de JV[45].

En ese sentido, resulta pertinente señalar que nuestro ordenamiento jurídico permite la presentación de prueba pericial aun cuando no se haya rendido un informe pericial. Por consiguiente, EVC puede intentar probar su reclamación a través del testimonio del perito ingeniero anunciado sin necesidad de la presentación de un informe, tal como había determinado previamente el TPI. Asimismo, JV no podía depender únicamente de la presentación del informe pericial, pues habiendo conocido que el Ingeniero Oquendo fue anunciado desde diciembre de 2024, la recurrida podía indagar sobre el contenido específico del testimonio que pericial a través de los medios provistos en la Regla 23.1(c), supra.

En vista de lo anterior, concluimos que el foro primario erró al denegar la presentación de prueba pericial anunciada por EVC, pues esta fue anunciada oportunamente. En vista de lo anterior, aun cuando el TPI tiene amplia discreción para pautar el descubrimiento de prueba, esta no debe ejercitarse en un vacío, sino que el ejercicio de dicha discreción debe ser el resultado de un balance **razonable** entre el interés de garantizar un descubrimiento de prueba amplio y liberal, y el interés de promover una solución justa, rápida y económica del caso. El derecho a presentar prueba en apoyo de una reclamación constituye uno de los ejes centrales del debido proceso de ley.[46]

**IV. Parte dispositiva**

---

[45] Véase, Entradas Núm. 135 y 136 de SUMAC TPI.
[46] *Rivera Gómez,* 212 DPR a la pág. 207.

Por los fundamentos que anteceden, se expide el auto de *certiorari,* y se revoca el dictamen recurrido. Asimismo, se levanta la paralización de los procedimientos decretada el 18 de mayo de 2026, y se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos de conformidad con lo aquí dispuesto.

**Notifíquese inmediatamente.**

Lo acuerda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones